The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIVID HOLDINGS, LTD.,

    Plaintiff,

    v.

SALOMON SMITH BARNEY, INC., SALOMON SMITH BARNEY HOLDINGS, INC., and BNY CLEARING SERVICES, LLC, as Successors-in-interest to Schroders & Co., Inc., and individuals ANDREW VAN DER VORD, ROBERT CHAMINE, MICHAEL DURA, ROBERT HAMECS, WILLIAM HURST, LEON KALVARIA, ILAN KAUFTHAL, JOHN O'DONOGHUE, HERC SEGALAS, JED SHERWINDT, JAMES STONE, FREDERICK TAYLOR, and SAMUEL WEINHOFF,

    Defendants.

CASE NO. C02-1607C

ORDER

I.    INTRODUCTION

This matter has come before the Court on the Individual Defendants'[1] motion to dismiss and/or for judgment on the pleadings (Dkt. No. 49).  Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court has determined that no oral argument shall be

---

[1] The Court will use "Individual Defendants" to refer to the thirteen Individual Defendants named in Plaintiff's action and "Corporate Defendants" to refer to the corporate successors to "Schroders & Co., Inc., the corporate entity alleged to have engaged in wrongdoing.

ORDER - 1

necessary. Because the Court is precluded from revisiting the issues raised in the motion by the mandate rule, the motion is DENIED.

## II.     RELEVANT PROCEDURAL BACKGROUND

This matter was remanded from the Ninth Circuit in an order reversing this Court's April 3, 2003 order dismissing Plaintiff's action with prejudice. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005). The Ninth Circuit directed the Court to take "further proceedings consistent with this opinion." *Id.* at 952.

The Court's April 3, 2003 order granted Defendants' motion to dismiss and denied Plaintiff's motion to amend its complaint. (Dkt. No. 36.) Even though Plaintiff's motion to amend was ultimately denied, the Court considered Plaintiff's first and second proposed amended complaints. (*See, e.g.*, *id.* 4:23 (referring to the complaint and the proposed amended complaints).) The April 3, 2003 order treated the allegations as applicable to all of the defendants, both corporate and individual, and dismissed Plaintiff's entire action.

The premise of the instant motion brought by the Individual Defendants is that the Ninth Circuit's reversal pertained only to the corporate defendants and left open the question of the sufficiency of the claims against the Individual Defendants. The parties do not dispute that Plaintiff appealed the order in its entirety. The parties also agree that the Individual Defendants presented their arguments that Plaintiff's claims were not sufficiently pled against them. Thus, the question is whether the Ninth Circuit's reversal of this Court's April 3, 2003 order applies to the Individual Defendants and whether this Court is accordingly precluded by the mandate rule from addressing the present motion.

The mandate rule, as expressed in *Vizcaino v. U.S. District Court for the Western District of Washington*, is as follows:

> The Supreme Court long ago emphasized that when acting under an appellate court's mandate, an inferior court is "bound by the decree as the law of the case; and must carry it

ORDER - 2

into execution, according to the mandate.  That court cannot vary it, or examine it for any other purpose than execution.

173 F.3d 713, 719 (9th Cir. 1999) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).  "On remand, a trial court can only consider any issue not expressly or impliedly disposed of on appeal." *Id.* (citation omitted).  Furthermore, "district courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.* (citations omitted).

   Here, the Individual Defendants' argument that the Ninth Circuit's opinion in *Livid Holdings* does not apply to the Individual Defendants or bind this Court as to the Individual Defendants is built on a short string of technicalities that fails to consider the spirit of the mandate.  Although *Livid Holdings* begins with the statement that "Livid Holdings, Ltd. ("Livid") appeals the district court's dismissal with prejudice of its complaint against the corporate successors to Schroders & Co., Inc. (collectively referred to as "Schroders" or "Defendants"), *Livid*, 416 F.3d at 944, it is clear from the appellate record that the appeals court had occasion to consider the relevant issues as applicable to both the corporate and the individual defendants.  In particular, the Court notes that the appeals court declined to accept the Individual Defendants' repeatedly enunciated arguments in favor of dismissing the complaint against them.

   For these reasons, the Court finds that the spirit, if not the letter, of the Ninth Circuit's mandate in *Livid Holdings* prohibits this Court from addressing the arguments raised by the Individual Defendants in their motion.  Accordingly, the motion is DENIED.

   SO ORDERED this 10th day of March, 2006.

                              /s/ John C. Coughenour
                              UNITED STATES DISTRICT JUDGE

ORDER - 3